UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| MALLIE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-405-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Mallie Anderson ("Anderson") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 12 and 14] Through this action, Anderson seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income payments ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Anderson.

**I.    BACKGROUND**

Anderson filed an application for Disability Insurance Benefits ("DIB") on February 2, 1999. [Tr., p. 185] The claim was denied initially, upon reconsideration, and in a hearing decision on January 5, 2000. Subsequently, the Appeals Council denied review and the Claimant appealed to this Court. This action was remanded on September 12, 2001. [Tr., p. 206]

-1-

While the initial application was pending, the Claimant filed a second DIB application and an application for SSI on September 7, 2000,. The DIB application was merged with the February 2, 1999, application. On September 10, 2002, a hearing was conducted before ALJ William H. Gitlow. During the hearing, the ALJ heard testimony from Anderson and Julie Morrissey, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Anderson. [Tr., 185-195] The ALJ concluded that Anderson retained the residual functional capacity to perform a limited range of sedentary work. [Tr., p. 194] Anderson's request for review was denied by the Appeals Council on October 26, 2005. [Tr., pp. 176-179]

At the time of the administrative hearing before the ALJ, Anderson was a 41 year-old individual with an eleventh grade education. [Tr., p. 187] He has past work experience as a carpenter. [Tr., p. 87] Anderson alleges disability beginning November 5, 1998, due to a back injury. [Tr., p. 187] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Anderson had the residual functional capacity to perform a limited range of sedentary work. Specifically, the ALJ found that Anderson had the following residual functional capacity:

> to perform the exertional demands of sedentary work, or work consisting of lifting ten pounds occasionally and 5 pounds frequently. The evidence supports a finding that he can push/pull only to above weight limits; should only occasionally push/pull with his left (non-dominant) arm; and do no prolonged sitting or standing. He should only occasionally bend, turn, twist or balance. He should not climb, stoop, crouch, kneel or crawl. He should avoid exposure to vibration. He should avoid constant or repetitive motion with his left wrist. I find that the claimant should avoid highly repetitive motion of his wrist or hands, based on his carpal tunnel syndrome. He should avoid work at unprotected heights; around dangerous, moving machinery or wok in cold temperature extremes. The claimant should avoid excessive dust, fumes, or gases, due to his

>COPD. He reads at the sixth grade level, and performs math at the third grade level.

[Tr., p. 194]

Based on the above findings, the ALJ concluded that Anderson was not disabled as defined in the Social Security Act and regulations. [Tr., p. 195]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience

to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. DISCUSSION

Anderson asserts that the Commissioner's decision is not supported by substantial evidence. More specifically, he alleges that the uncontradicted medical evidence and testimony establishes that he suffers from a disabling mental impairment. In addition, the Claimant asserts that, by failing to give deference to the exertional and non-exertional limitations identified by his treating physicians, the ALJ and the Commissioner violated the "treating physicians rule"

as recognized in this circuit. While Anderson believes that an order reversing the Commissioner and directing that benefits be awarded would be appropriate, he seeks as alternative relief an order remanding this matter for further proceedings.

The Court has examined the ALJ's evaluation of Anderson's claims of disabling mental limitations. In evaluating these claims, the ALJ noted significant evidence of malingering, purposeful misstatements, and lack of effort on behalf of the Claimant. In evaluating the credibility of a claimant, the Sixth Circuit has recognized that a reviewing court should be "particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe his demeanor. *Gooch*, 833 F.2d at 592. As such, the reviewing court "should show deference to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health and Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990).

The ALJ concluded that the medical evidence did not substantiate Anderson's claims of disabling mental limitations.[1] In making this determination, the ALJ considered Anderson's live testimony and whether it was corroborated by the objective medical records. The record demonstrates that consultative examiners, Stuart Cooke, Ph.D., and Stephen Nutter, M.D., were unable to evaluate Anderson's RFC due to malingering. [Tr., pp. 298, 304] In addition, the ALJ noted that the medical records indicated that in April 1999, the Claimant was able to read at the sixth grade level, but by February 2002, he was only reading at the second grade level.

---

[1] The ALJ also noted evidence of malingering in the Claimant's allegations of physical pain. Anderson indicated that he was unable to lift any more than 5 pounds. However, the Claimant's treating physician, Dr. Anbu Nadar, opined that Anderson was able to lift 25 pounds occasionally and 10 pounds frequently.

Similarly, in April 1999, the Claimant's IQ was 71. However, in February 2002, his reported IQ was only 59. Noting these inconsistencies, the ALJ stated in his decision that "[t]he longer the process lasts the worse the claimant malingers." [Tr., p. 188]

Based on the deference given to the ALJ in making credibility determinations, combined with the medical evidence supporting his decision, the Court concludes that the ALJ properly weighed all of the evidence presented in determining that the Claimant does not possess a "medically determinable mental impairment." [Tr., p. 188]

As noted above, the Claimant also argues that the ALJ failed to give due consideration to the reports and opinions of Anderson's treating physician. While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to

do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson*, 378 F.3d 541, 546 (6th Cir. 2004).

In this case, the Court concludes that the ALJ properly considered all of the medical evidence presented regarding the Claimant's physical and mental impairments and functional limitations. After analyzing the evidence presented, he concluded, based upon substantial evidence in the record, that the Claimant did not have a disabling mental or physical impairment. The ALJ examined the medical evidence presented by all treating and consulting doctors, including Dr. Anbu Nadar. Dr. Nadar opined that the Claimant could lift/carry 10 pounds frequently and 25 pounds occasionally. He further opined that Anderson was limited in his ability to push/pull. Additionally, he stated that the Claimant could only stand and/or walk 2 hours in an 8 hour day, ½ hour without interruption; sit 3 hours, ½ hour without interruption; and had additional non exertional limitations. In rejecting the conclusions of Dr. Nadar, the ALJ stated that:

> [w]hile I note that he is a treating source, I did not find his limitations to be supported by clinical signs. The Claimant's clinical condition is mild and a

>   limitation to sit and standing only 5 hours in an 8 hour day does not follow from such examinations.  The claimant's treatment regimen is modest and he has refused injections and surgery.  Thus, I reject his RFC for the following reasons:
>
>   1. His only clinical signs were positive straight leg raising and sensory loss; but all other neurological signs noted were negative and no muscle spasm was present.
>
>   2. Even the positive straight leg raising test is in question, as six orthopedic specialists examined the claimant and Nadar was the only one to find positive straight leg raising, as all others found no positive straight leg raising of radicular pain.
>
>   3. The sensory loss noted by Dr. Nadar is also somewhat questionable:  in August 1999, it was the posterior aspect of his left leg; in June 2000, the lateral aspect of his left leg; and in November 2000, it was the medial aspect of both legs.

[Tr., p. 191]

The Claimant argues that because Anderson uses a cane that he was medically prescribed by Dr. Nadar, he is precluded from performing most unskilled sedentary jobs.  However, contrary to the Claimant's assertion, this alone is not a "compelling legal reason to grant disability." [Record No. 15, p. 6]  Based on the record, it is apparent that the ALJ considered all of Dr. Nadar's opinions but concluded that they were not supported by substantial evidence in the record.  After reviewing the medical evidence considered by the ALJ, the Court finds that his decision to reject Dr. Nadar's conclusions regarding the degree of the Claimant's impairments and limitations is supported by substantial evidence.  Likewise, the evaluation of, and weight given to, the reports and opinions of Anderson's treating and consulting physicians is supported by substantial evidence.

### IV. CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** that:

(1) Defendant Jo Anne Barnhart's Motion for Summary Judgment [Record No. 14] is **GRANTED**;

(2) Plaintiff Mallie Anderson's Motion for Summary Judgment [Record No. 12] is **DENIED**;

(3) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 18th day of October, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge